**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 01:34 PM November 27, 2012**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| JOSEPH J. DETWEILER, | ) | CASE NO. 09-63377 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

    This case is before the court for confirmation of Debtor's amended chapter 11 plan, filed on July 26, 2012. The United States Trustee ("UST") and FirstMerit Bank ("FirstMerit") objected to the plan. FirstMerit's objection was resolved by agreement without hearing. The court held a hearing on UST's objection on September 13, 2012. Anthony J. DeGirolamo, counsel for Debtor, and Linda M. Battisti, attorney with the UST's office, appeared at the hearing. The issue presented is whether 11 U.S.C. § 1141(d)(5)(A) prevents Debtor from obtaining a discharge at confirmation as contemplated in his plan?

    The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984, now superseded by General Order 2012-7 dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## DISCUSSION

Debtor filed a chapter 11 petition on August 17, 2009. On July 26, 2012, he filed an amended chapter 11 plan that contains the following provision: "Except as provided in this Plan or the Confirmation Order, Confirmation will (a) discharge the Debtor from all Claims or other debts that arose before the Confirmation Date . . . ." (Am. Plan, ECF No. 267) UST argues that this plan provision violates 11 U.S.C. § 1141(d)(5)(A), which states

> (d)(5) In the case in which the debtor is an individual—
>
> (A) unless after notice and a hearing, the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge upon completion of all payments under the plan.

Section 1141(d)(5)(A) was added to the bankruptcy code through the 2005 amendments. Before BAPCPA, an individual debtor could obtain a discharge at confirmation, which remains the general discharge rule for non-individual chapter 11 debtors. *See* 11 U.S.C. § 1141(d)(1)(A).

Several of BAPCPA's chapter 11 amendments were made by with the intent of modeling chapter 13 in individual chapter 11 cases. *See* In re Shat, 424 B.R. 854 (Bankr. D. Nev. 2010). Arguably, § 1141(d)(5) falls in that category. Now, entry of discharge is premised on the completion of payments, which parallels 11 U.S.C. § 1328(a). However, § 1141(d)(5)(A) is not entirely coextensive because it contains an exception, an option to obtain discharge before payments are complete, the "for cause" exception at issue in this case.

UST's arguments against applicability of the exception in this case are twofold. First, UST presents a procedural objection. It contends that even if Debtor can establish cause for discharge at confirmation, he cannot do so by simple insertion of a statement in the plan. UST argues that a separate motion and notice are required. Debtor argues that the plan was properly noticed to parties and no additional or special notice is required. In a previous opinion, this court recognized that other courts suggest more notice is required than what Debtor provided in this case. *See* In re Haines, 2012 WL 1790219 (Bankr. N.D. Ohio 2012) (acknowledging In re Kirkbride, 2010 WL 4809334 (Bankr.E.D.N.C.2010); In re Sheridan, 391 B.R. 287 (Bankr.E.D.N.C.2008); In re Belcher, 410 B.R. 206 (Bankr.W.D.Va.2009); In re Brown, 2008 WL 4817505 (Bankr.D. Col.2008); Fla. Dep't of Revenue v. Davis (In re Davis), 465 B.R. 309 (M.D.Fla.2011)).

The Sheridan case is the touchstone for several courts. According to Sheridan, to satisfy the "notice and hearing" requirement of § 1141(d)(5)(A), "creditors [must] be given actual notice that a discharge prior to completion of all plan payments is being requested." Sheridan, 391 B.R. at 290. In Sheridan, notice was accomplished through the debtors' inclusion, on the first page of the disclosure statement, of a statement in bold, capital letters that the debtor sought discharge at

2

confirmation coupled with a notice of the confirmation hearing, issued by the court, that referenced debtor's intent to obtain discharge at confirmation and provided an opportunity to object. Id. at 291. The combination of the conspicuous language in the disclosure statement and the language in the notice of the confirmation hearing was deemed to fulfill the procedural requirements of § 1141(d)(5)(A). Id.; *see also* In re Kirkbride, 2010 WL 4809334. The court approved discharge at confirmation upon finding the "debtors have followed the court's procedures for requesting that their discharges take effect prior to completion of their plan payments and have shown cause why their request should be granted." Sheridan, 391 B.R. at 288.

Not every court has found conspicuous notice of this nature is sufficient to meet the requirements of § 1141(d)(5)(A). The Bankruptcy Court for the District of Colorado requires a separate notice and motion:

> [I]f the debtor wishes to alter the usual statutory rule that would delay entry of a discharge until all payments under the plan have been completed, the debtor should file a motion seeking to alter the usual statutory rule, with notice to creditors of the opportunity to oppose the motion. Because the issue would be academic if no plan is confirmed, the debtor's notice should indicate that the motion will be heard at the confirmation hearing. To minimize postage expense, the separate notice of the motion may be served with the proposed plan and disclosure statement.

Brown, 2008 WL 4817505, * 2. Sheridan and Brown serve to demonstrate the competing views of what satisfies "notice and hearing" for the purposes of § 1141(d)(5)(A).

It is important to emphasize that Debtor's discharge is keyed not to confirmation, but to the completion of payments. Under the amendments, confirmation is immaterial. The court reads § 1141(d)(5)(A) to state that if a debtor wants a discharge before plan payments are complete, the debtor must establish cause. Under this reading, a request for early discharge could occur any time from plan confirmation to before the completion of payments. *But see* In re Necaise, 443 483 (Bankr. S.D. Miss. 2010) (stating that the time to request an early discharge is at confirmation); Brown, 2008 WL 4817505. If it occurs post-confirmation, a debtor has no choice but to provide separate notice and hearing for the request.

Debtor argues that since the confirmation hearing was noticed and the court held a hearing, the "notice and hearing" requirement in § 1141(d)(5)(A) is met. This argument actually is more of a harm than a help to Debtor. He is correct that the confirmation notice and hearing were provided in accordance with § 1128 but his interpretation renders one of the "notice and hearing" requirements superfluous. If a debtor can establish cause through the confirmation hearing, the notice and hearing requirement in § 1141(d)(5)(A) would be unnecessary. As a result, to import meaning to the notice and hearing requirement in this section, the court finds that separate notice is required.

3

Additionally, the court finds that inconspicuously slipping a "discharge at confirmation" provision into a plan is not consistent with the bankruptcy code, violates § 1123(b)(6), and renders the plan unconfirmable under § 1129(a)(1). Some may argue that since the code allows for discharge before payments are complete, the provision is an exception to the general rule, not an inconsistency. The court disagrees. Functionally, the court sees such an attempt as comparable to insertion of an undue hardship finding for a student loan in a chapter 13 plan, a practice that is now impermissible. *See* United Student Aid Funds, Inc. v. Espinosa, 130 S.Ct 1367 (2010). These types of provisions can be traps for unwary creditors. *See* In re Miller, 2012 WL 3647129 (Bankr. C.D. Cal. 2012) (recognizing potential to mislead creditors with "discharge at confirmation" language in plan and amending the original confirmation order to eliminate the language). The court cannot support discharge by stealth.

This case is particularly troubling because Debtor provided for his discharge at confirmation without any foundation in the plan specifying cause for discharge prior to completion of payments. Section § 1141(d)(5)(A) places a burden on debtor to demonstrate cause. For this reason, the court cannot accept that conspicuous notice in a disclosure statement and notice of a confirmation hearing meets Debtor's obligations. Any notice must include some identification of the cause. Only then can a creditor credibly assess whether an objection is warranted.

As a result of these conclusions regarding the "notice and hearing" requirement in § 1141(d)(5)(A), the court finds that the approach in Brown is procedurally more acceptable than the mechanism utilized in Sheridan. The court will require a separate motion, with appropriate notice, to obtain a discharge before payments are complete. In this case, Debtor's notice was not adequate and he has not satisfied the procedural requirements under § 1141(d)(5)(A). Until rectified, the court cannot enter a confirmation order that proposes to discharge Debtor at confirmation. UST's objection to confirmation is sustained on this procedural ground.

In its second argument, UST presents a substantive argument, contending Debtor has not demonstrated the requisite cause for discharge at confirmation. Debtor disagrees. According to Debtor, the confirmed plan in his related business case requires him to refinance debt in a few years and he contends that if he does not receive a discharge in this case, he will be disadvantaged when he needs to refinance that debt. Both parties concede that the burden is on Debtor, but UST says that to establish cause, Debtor should prove, with a high degree of certainty, that payments will be made. In turn, Debtor posits that the court should look at the totality of the circumstances to make the determination. In this case, he urges the court to find that he can make the plan payments based on his unchallenged liquidation and feasibility analyses.

Cause for § 1141(d)(5)(A) purposes is undefined. In re Draiman, 450 B.R. 777, 823 (Bankr. N.D. Ill. 2011) (citing In re Beyer, 433 B.R. 884, 888 (Bankr. M.D. Fla. 2009)). Since discharge is premised on the completion of payments under a plan, the ability to make payments is an inherent essential. Additionally, the ability to make payments is part of the feasibility foundation required for confirmation. Consequently, the court cannot conclude that an ability to make payments, on its own, constitutes cause for entry of an early discharge. If this were enough, there would have been no reason to amend the code. Further, 11 U.S.C. § 1141(d)(5)(B), the

4

chapter 11 "hardship discharge" provision, provides for discharge when payments cannot be completed. Thus, the "cause" provision is premised on completed payments.

Collier's suggests that an early discharge is intended

> for example, for an individual debtor who did not expect to make plan payments primarily from future earnings, consistent with the ordinary chapter 13 model, but rather contemplated a plan more consistent with the ordinary chapter 11 model, such as by distributions of property or, in the unusual case, by the issuance of securities by the debtor's business, perhaps from a new corporation to be formed by the debtor under the plan.

8 Collier on Bankruptcy ¶ 1141.05[2][a], 1141-25 (16th ed. 2012). Draiman furthered this thought:

> [f]actors that courts look to are the likelihood that the debtor will make all of the payments under the plan and the assurance, in the form of collateral, that the creditors will be paid the sum they have been promised even if the plan payments are not made. Sheridan, 391 B.R. at 290. In addition, the debtor must show substantial consummation of the plan. Beyer, 433 B.R. at 888. The burden is on the debtor to show that he will and can make all future plan payments with a high degree of certainty. Id.

Draiman, 450 B.R. 777, 823.

Only a handful of courts have considered what constitutes cause under § 1141(d)(5)(A), but most link early discharge to some level of plan consummation. In denying confirmation, the Draiman court found no cause for entry of an early discharge because not only was the plan not substantially consummated, the debtor had not even started making payments to creditors. Id. at 824. In Beyer, the debtor moved, post-confirmation,[1] for an early discharge, arguing that he needed the discharge to avoid paying income tax on forgiven debt. The court denied the request because the plan was not substantially consummated, citing the debtor's failure to identify which properties were to be retained and which would be surrendered, lack of payments to unsecured creditors, and an absence of a demonstrated ability to make payments to the unsecured creditors. Beyer, 433 B.R. 884, 888. The court also stated that "[a]n individual debtor, however, must show *more* than just substantial consummation to receive an early discharge . . . The debtor must convince the Court that he or she will and can make all future payments with a high degree of certainty." Id. (emphasis original).

---

[1] Debtor moved for an early discharge at confirmation, which the court denied based on inadequate notice. The confirmation order left the door open for the debtor to file a motion to obtain an early discharge.

In a similar "consummation" vein, other courts find cause when only payments on long-term debt remain.  *See, e.g.,* In re Belcher, 410 B.R. 206 (Bankr. W.D. Va. 2009) (citing Brown, 2008 WL 4817505).   Sheridan, in turn, suggests that when "assurance, in the form of collateral, that creditors will receive the amount they have been promised even if the plan payments are not made," cause exists.   391 B.R. 287, 291.

The court finds that substantial consummation may constitute cause but it is not the exclusive benchmark.   Cause must be determined, as it always has been, upon the facts and circumstances of each case.   This is the manner in which the term "cause" has been used historically.   *See, e.g.,* In re Underwood, 457 B.R. 635 (Bankr. S.D. Ohio 2011) (requiring a showing of cause based on the totality of the circumstances to examine debtor); In re Shultz, 325 B.R. 197 (Bankr. N.D. Ohio 2005) (finding that § 362 relief is premised on cause as demonstrated by the totality of the circumstances);   Simpson v. Rodgers (In re Rodgers), 266 B.R. 834 (Bankr. W.D. Tenn. 2001) (using the totality of the circumstances to show cause for reopening under § 350(b));  In re Great Am. Pyramid Joint Venture, 144 B.R. 780 (§ 1112(b) cause determined through the totality of the circumstances).

In any consideration of cause for entry of an early discharge, the court will be mindful that discharge is a benefit that is earned, not given.   In exchange for a discharge, a debtor is expected to complete payments.   This protects creditors, who may be receiving very little, from the expense of revoking a discharge.   The court is mindful that when a discharge is entered, it may also pave the way for the final decree.   If the final decree is entered, a creditor who is not receiving payments not only has to revoke the discharge, but may also need to reopen the case.   These considerations must be balanced against the debtor's need for an early discharge and the debtor's ability to complete the proposed payments.

In this case, the record is simply not developed to an extent to allow the court to determine whether cause exists.   Debtor bases "cause" on the need to have a discharge in order refinance debt in his related corporate case.   The foundation is too scant for the court to affirmatively agree, or disagree, with Debtor's position.   It is not clear when the corporate debt is to be refinanced, how much debt is involved, whether any collateral will be available, or whether Debtor will be the sole signator and fully liable on the refinanced debt.   Debtor needs to develop the facts to apply to the law.

In light of the above, the court finds that Debtor has not demonstrated cause for entry of an early discharge.   The plan may be confirmed without this provision.   Debtor may renew his request for an early discharge by separate motion in accordance with this provision.

An order will be entered immediately.

#     #     #

**Service List:**

Anthony J DeGirolamo
116 Cleveland Ave., N.W.
Suite 307
Canton, OH 44702

Linda Battisti
Office of the US Trustee
H.M. Metzenbaum U.S. Courthouse
201 Superior Avenue East
Suite 441
Cleveland, OH 44114-1240